UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JOSE AMIDES-GALDAMEZ** | **CASE NO. 1:20-CV-00616** |
| **VERSUS** | **JUDGE DRELL** |
| **KENNETH CUCCINELLI ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

<u>**RULING AND ORDER**</u>

Before the court is "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction" filed by Jose Amides-Galdamez. (Doc. 10). Also filed is "Plaintiff's Original Complaint for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief" in which he asks this court to compel Defendants to adjudicate his I-360 Petition as more than 180 days has passed[1]. (Doc. 1). Plaintiff is a 21-year-old major.

I.   Jurisdiction

This court possesses jurisdiction to hear this lawsuit at pursuant to 28 U.S.C. §§1331 and 1361. Section 1361 provides this court subject matter jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Additional jurisdiction for mandamus relief is granted by the Administrative Procedures Act, 5 U.S.C. §701, *et seq.*

II.   Temporary Restraining Order

Plaintiff seeks a temporary restraining order under Federal Rule of Civil Procedure 65 to preserve the status quo until there is an opportunity to hold a full hearing the application for preliminary injunction. Under Rule 65(b), "[t]he court may issue a temporary restraining order

---

[1] Pursuant to §235(d)(2) of the Trafficking Victims Protection Reauthorization Act, a I-360 petition must be adjudicated within 180 days of filing. Plaintiff's petition was filed on November 20, 2017.

without written or oral notice to the adverse party or its attorneys only if; (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Here, counsel for the plaintiff states in its motion that "[t]he undersigned certifies that Plaintiff [has] served all motion papers on the opposing party before or with the filing of this Motion." (Doc. 10, p. 4). Accordingly, we will examine whether Plaintiff is entitled to such injunctive relief.

In order to obtain such relief, the plaintiff must establish: (1) likelihood of succeeding on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that this threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir.2005).

In the instant case, Plaintiff has not established that he will likely succeed on the merits of his underlying claim. He contends that if this court were to grant this TRO and mandamus relief, his I-360 petition would be granted. However, he fails to provide any case law or any other examples of that argument. This court is left with more questions than answers regarding whether or not a I-360 petition would be granted to a 21-year-old and, even if the petition were granted, would plaintiff be able to stay indefinitely, or would he have to seek permanent residency under another procedure. Without answers to these questions and evidence supporting these claims, we cannot find that Plaintiff will likely succeed on the merits of this case.

Because Plaintiff is unable to establish likelihood of succeeding on the merits, there is no need to address the remaining factors. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that Plaintiff's motion for a temporary restraining order is DENIED.

THUS DONE AND SIGNED this 15 day of May 2020, at Alexandria, Louisiana.

                                              DEE D. DRELL, JUDGE
                                          UNITED STATES DISTRICT COURT